UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NOAH JEMLEY,

    Plaintiff,

v.                                                                    Case No: 6:15-cv-801-Orl-41TBS

UMBWA, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion Requesting Order Approving Confidential Settlement Agreement and to Dismiss Lawsuit with Prejudice (Doc 44). Upon due consideration, I respectfully recommend that the motion be **DENIED** and the settlement agreement be **REJECTED**, with an opportunity to amend.

### Background

Plaintiff filed a two count lawsuit against her[1] ex-employer, alleging a claim for unpaid overtime work under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I) and for violation of the anti-retaliation provisions of the FLSA, 29 U.S.C. §215(a)(3) (Count II) (Doc. 1). Plaintiff alleges that she was employed by Defendant as a dog sitter/trainer, from June 29, 2013, until she was terminated on March 11, 2015 (Doc. 1). She claims that she worked for Defendant in excess of forty hours within a work week, but Defendant failed to compensate her at the appropriate overtime rate. Id., ¶¶ 19-23. Plaintiff further alleges that she complained at various times that Defendant was violating

---

[1] Throughout the Complaint. Plaintiff is referred to as "he" or "him" (*e.g.,* ¶20, ¶34, ¶40). The Settlement Agreement refers to Plaintiff as "she." At hearing, Plaintiff's counsel confirmed that Plaintiff is female.

the FLSA by failing to pay overtime compensation, and "within days of [her[ final complaint ... Plaintiff was illegally terminated as a direct result of such complaints." Id., ¶¶25-26. Defendant denies these claims and has asserted numerous affirmative defenses (Doc. 12).

Plaintiff filed her answers to the Court's interrogatories in which she stated that she was paid straight time for all hours worked but is owed half time for 24 overtime hours per each work week (Doc. 15-1). Plaintiff calculated her claim as: 24 hours x 6.25=$150 per week x 88 weeks=$13,200 (unliquidated), plus her "whistleblower" claim and attorneys' fees and costs (Id.). Discovery ensued and the parties notified the Court that they had reached a settlement (Doc. 41). The instant motion followed (Doc. 44). Because I had questions regarding the parties' settlement agreement, a hearing was held on the motion. At the hearing, Defense counsel represented that there were some "slight discrepancies" but the time records show the actual overtime hours worked by Plaintiff were significantly less than she had claimed, and Plaintiff's counsel acknowledged that his client's actual unpaid overtime wages amounted to $1,400.

## Discussion

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment

after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

The parties have tendered their Settlement Agreement and General Release for review and approval (Doc. 44-1). In the agreement, Defendant agrees to pay Plaintiff the following amounts: $1,000 in wages, and $7,000 for "the recovery of sums other than wages, including liquidated damages." Defendant also agrees to pay Plaintiff's counsel, over time, $22,000 for attorney's fees and costs (Id.). Included in the agreement is a broad general release of Defendant and unknown non-parties, and a much narrower release of Plaintiff by Defendant. The last page of the agreement includes a reference to "this confidential settlement agreement" (Doc. 44-1 at 7), although there is no separate provision regarding confidentiality. Upon review, I cannot recommend that this agreement be approved.

The motion in support of the settlement agreement presents no factual basis for finding the agreement to be reasonable and fair. With respect to the overtime wage claim, the parties admitted at hearing that, despite Plaintiff's interrogatory answers claiming $13,200 in unpaid wages, the actual amount is $1,400. The settlement provides for payment of only $1,000. At the hearing, the parties clarified that the award of $7,000 in "other" damages includes an award of $1,000 in liquidated damages for the wage claim. There is no explanation offered as to why a claim to $1,400 in wages owed was compromised to $1,000, nor any basis for finding the compromise to be fair or reasonable, especially in view of the generous attorney's fees allowance.

The parties represented at hearing that the remaining $6,000 of the "other" category is for the retaliation claim. Settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the district court, "provided its terms do not serve to contaminate the Agreement as to the FLSA claim." Yost v. Wyndham Vacation Resorts, Inc., No. 6:10-cv-1583-Orl–36GJK, 2012 WL 1165598, at *3 (Mar. 26, 2012), adopted, 2012 WL 1165468 (M.D. Fla. Apr.9, 2012); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-CV-1586-ORL-36, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013). The difficulty here is that the Court has no information as to the value of the retaliation claim and thus cannot evaluate whether the settlement of this claim served to "contaminate" the FLSA settlement. It would be unacceptable, for example, if the parties allocated the missing $400 in admittedly unpaid overtime wages to the retaliation settlement, in order for one or both parties to obtain perceived tax advantages.

The agreed-to amount of $22,000 for attorneys' fees and costs is also problematic. Title 29 U.S.C.§ 216(b) provides that in an FLSA action seeking unpaid wages and overtime the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs,

- 4 -

allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id. Section 216(b) has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) (citation omitted); see also Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987). Although the motion provides no information regarding the formulation of the fee amount, Plaintiff's counsel stated at hearing that the fee encompasses 44 hours of time, at a rate of $450 an hour, and includes costs such as airfare and the filing fee. Notably, there is no representation that the fee was negotiated separately from Plaintiff's recovery. As Plaintiff has compromised her wage claim without explanation (and may have also compromised her retaliation claim – whatever that may be), the Court cannot find, on this showing, that the generous fee award (at an hourly rate that exceeds that which is customary for FLSA cases in this district) did not serve to limit Plaintiff's recovery in an unacceptable fashion.

Turning to the general release by Plaintiff, Judge Byron has observed that, "[t]here is certainly disagreement among the district judges in the Middle District of Florida on the issue of whether a release of claims provision undermines the reasonableness of an FLSA settlement." Monahan v. Rehoboth Hosp., Inc., No. 6:15-CV-1159-ORL40KRS, 2015 WL 9258244, at *1 (M.D. Fla. Dec. 18, 2015) (citing examples). While reasonable minds can (and do) differ in this district, Judge Byron "sides with those decisions holding that a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint." Id., 2015 WL 9258244, at *2 (finding broad general release to be an "impermissible windfall to defendant."). Other decisions, notably, those authored by District Judge Dalton, find:

> Though the parties represent that Plaintiffs will receive additional consideration for the inclusion of the General Release in the Settlement Agreements, the Court no longer approves such consideration because the value of a general release is incalculable. Additionally, as plaintiffs can only compromise FLSA claims on the basis of a "dispute over FLSA provisions," concessions unrelated to the substance of the FLSA claims have no place in FLSA settlements. See Moreno v. Regions Bank, 729 F. Supp.2d 1346, 1351-52 (M.D. Fla. 2010). Indeed, a plaintiff's FLSA claim–which is intended to remedy a defendants' violation of mandatory law–should not be used as leverage to procure a general release of all possible claims. Cf. Lynn's Food, 679 F.2d at 1352 (recognizing that "[t]he FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours"). For the same reasons, a general release may not be used to release a non-party. Even if the parties were to cabin the release to FLSA claims, the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party.

Arguelles v. Noor Baig, Inc., 6:16-cv-2024-Orl-37TBS, slip op. at 2-3 (M.D. Fla. Feb. 24, 2017) (footnote omitted). The release here consists of an entire page of the agreement and purports to release Defendant "and its subsidiaries, parent corporations, affiliates, divisions, predecessors, successors and assigns, joint employers, joint ventures, and the current *and former* employees, officers, directors, owners, insurers, and agents thereof" from "any and all claims." (Doc. 44-1 at 4). The exceptionally broad language here is the opposite of narrowly tailored and cannot be approved under even the most lenient of standards. Also, to the extent there is a confidentiality provision, such is not appropriate in this context. See Housen v. Econosweep & Maintenance Serv., Inc, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, *2 (M.D. Fla. June 6, 2013).

    In sum, on the showing made by the parties, I do not find the settlement agreement to be a "fair and reasonable resolution of a bona fide FLSA dispute."

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **denied** and the settlement agreement be **rejected,** without prejudice to renewal upon clarification of these issues and amendment of the agreement to satisfy the Court's concerns.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 8, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record