UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NOAH JEMLEY,

    Plaintiff,

v.                                                       Case No: 6:15-cv-801-Orl-41TBS

UMBWA, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is a Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc 49). Upon due consideration, I respectfully recommend that the motion be **GRANTED**, as set forth below.

### Background

Plaintiff filed a two count lawsuit against her[1] ex-employer, alleging a claim for unpaid overtime work under the Fair Labor Standards Act ("FLSA"), 29 U.S .C. § 201, *et seq.* (Count I) and for violation of the anti-retaliation provisions of the FLSA, 29 U.S.C. §215(a)(3) (Count II) (Doc. 1). Plaintiff alleges that she was employed by Defendant as a dog sitter/trainer, from June 29, 2013, until she was terminated on March 11, 2015 (Doc. 1). She claims that she worked for Defendant in excess of forty hours within a work week, but Defendant failed to compensate her at the appropriate overtime rate. (Id., ¶¶ 19-23). Plaintiff further alleges that she complained at various times that Defendant was violating the FLSA by failing to pay overtime compensation, and "within days of [her[ final

---

[1] Plaintiff is referred to as "he" or "him" in the Complaint (Doc. 1, ¶20, ¶34, ¶40). The Settlement Agreement refers to Plaintiff as "she." At hearing, Plaintiff's counsel confirmed that Plaintiff is female.

complaint ... Plaintiff was illegally terminated as a direct result of such complaints." (Id., ¶¶25-26). Defendant denies these claims and has asserted numerous affirmative defenses (Doc. 12).

Plaintiff filed her answers to the Court's interrogatories in which she stated that she was paid straight time for all hours worked but is owed half time for 24 overtime hours per each work week (Doc. 15-1). Plaintiff calculated her claim as: 24 hours x 6.25=$150 per week x 88 weeks=$13,200 (unliquidated), plus her "whistleblower" claim and attorneys' fees and costs (Id.). Discovery ensued and the parties notified the Court that they had reached a settlement (Doc. 41). They filed a Joint Motion Requesting Order Approving Confidential Settlement Agreement and to Dismiss Lawsuit with Prejudice (Doc 44). Because I had questions regarding the parties' settlement agreement, a hearing was held on the motion. At the hearing, defense counsel represented that there were some "slight discrepancies" but the time records show the actual overtime hours worked by Plaintiff were significantly less than she had claimed. Plaintiff's counsel acknowledged that his client's actual unpaid overtime wages amounted to $1,400. Upon review of the papers filed, I recommended that the joint motion be denied and the settlement rejected, with an opportunity to amend (Doc. 47). The District Judge adopted the recommendation, and directed the parties to make further filings (Doc. 48). The instant motion timely followed (Doc. 49).

## Discussion

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA

claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

As set forth in the motion, the parties have settled the dispute by entering into a settlement agreement for the FLSA claim and a "separate, confidential settlement agreement governing the retaliation claim." The parties have tendered only the FLSA settlement agreement for review and approval (Doc. 49-1). According to the agreement, Plaintiff will receive $1,400.00 in wages, $1,400.00 in liquidated damages, and $7,000.00 in attorneys' fees and costs. The parties claim that this settlement is reasonable and fair. On review, I agree.

As I noted in prior Report, settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the district court, "provided its terms do not serve to contaminate the Agreement as to the FLSA claim." Yost v. Wyndham Vacation Resorts, Inc., No. 6:10-cv-1583-Orl–36GJK, 2012 WL 1165598, at *3 (Mar. 26, 2012), adopted, 2012 WL 1165468 (M.D. Fla. Apr.9, 2012); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-CV-1586-ORL-36, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013). Although the retaliation claim settlement agreement is not before the Court (and thus cannot be evaluated to see if its terms contaminate the FLSA agreement), I do not find this to be fatal to the evaluation of the FLSA settlement. Plaintiff's counsel conceded at hearing that Plaintiff's actual unpaid overtime wages amounted to $1,400.00. The settlement amount reflected in the FLSA agreement is for the full $1,400, with $1,400 in liquidated damages, and a "separately negotiated" amount of attorneys' fees and costs. Thus, the parties have "settled" the FLSA claim for what they represent to be full value of the wage claim, without compromise. Full value is, by definition, fair and reasonable. While it is theoretically possible that the retaliation claim settlement could include terms that erode this full value I find this to be unlikely, in view of the prior agreement (which included payment to Plaintiff for her retaliation claim), and as Plaintiff is represented by counsel and both parties confirm that the FLSA settlement is "separate" from the settlement of the retaliation claim.

Turning to the other portions of the agreement, the parties represent that the agreed-upon amount of attorneys' fees and costs was determined "separate from and without regard to the amount paid to settle the FLSA claim." (Doc. 49 at 3). This comports with the requirements of Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222,

1228 (M.D. Fla. 2009). Because Plaintiff is receiving all of her wages, I see no need to further review or question the parties' agreement as to these fees.

The sole objection remaining to approval of the revised settlement agreement is an overbroad release provision. The agreement provides:

> 5. Release of FLSA Claims: For consideration that she is otherwise not entitled to, the Plaintiff, expressly releases, and holds harmless the Defendant, **its parent, subsidiaries and affiliates, officers, shareholders, attorneys, agents, and insurers, and Groom Grub & Belly Rub** (collectively "the Releasees") from any and all claims that the Plaintiff has asserted, could assert, or could have asserted under the FLSA.

(Doc. 49-1 at 2, emphasis added). "A general release may not be used to release a non-party." Lina Arguelles v. Noor Baig, Inc., Case No. 6:16-cv-2024-37TBS, Order dated February 24, 2017 (Doc. 19 in that case). To the extent this release purports to include unidentified and non-party releasees, it is not enforceable. While this might normally require rejection of the agreement, the parties have included the following language:

> **8. Interpretation**: The language of all parts of the FLSA Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. The FLSA Settlement Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the FLSA Settlement Agreement. **If any portion or provision of the FLSA Settlement Agreement (including, without implication of limitation, any portion or provision of any section of the FLSA Settlement Agreement) is legally determined to be unenforceable, the remainder of the FLSA Settlement Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said unenforceable portion or provision shall be deemed not to be a part of the FLSA Settlement Agreement.**

(Doc. 49-1 at 3, emphasis added). As such, the unenforceable release of non-parties is deemed excluded from the agreement. As modified, the agreement is due to be approved.

Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The motion be **GRANTED**, and the agreement be approved as a fair and reasonable compromise of a bona fide FLSA dispute;

2. The action be dismissed with prejudice; and

3. The Court close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 2, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties